## STATUTORY REGULATIONS AS TO FERTILIZERS.

Common Pleas Court of Franklin County.

THE SMITH AGRICULTURAL CHEMICAL COMPANY v. CALVERT, SECRETARY OF THE OHIO STATE BOARD OF AGRICULTURE, ET AL.

Decided, April 28, 1908.

*Constitutional Law—Invalidity of the Act Relating to Fertilizers—State Board of Agriculture a Private Corporation—Its Secretary can not be Invested with Police Power—Injunction Lies against Publication of a Libel, When—Action by a Private Individual or Corporation does not Lie against a State Officer—Pleading—Combining Several Acts into One Cause of Action—Misjoinder of Parties bining Several Acts into One Cause of Action—Misjoinder of Parties—Sections 4446a, 4446b, 4446c, 4446d, 4446e, 4446f, 4446g, 4446h, 4446i, and Section 312.*

1. The State Board of Agriculture of Ohio is not a public corporation, or state agency, or department of the state government, but is essentially a private corporation; and the secretary of this board is not a public officer, but the agent of a private corporation.

2. The General Assembly is without authority to delegate police power to a private corporation or a private citizen, and the provision in the act of May 1, 1881, 78 O. L., 55 (Section 4446a et seq, Revised Statutes), clothing the secretary of the State Board of Agriculture with authority to exercise police power at his discretion, is an attempt to confer upon him one of the sovereign functions of government, and renders the act unconstitutional and void.

3. The fact that in an action for an injunction one of the grounds of complaint is that the defendants, acting under the provisions of an unconstitutional statute, are about to publish a libel, does not deprive a court of equity of jurisdiction in that behalf.

4. An action to enjoin proceedings under Section 4446a *et seq*, will not lie as to the Auditor of State or the Supervisor of Public Printing, but will be granted as to the State Board of Agriculture and the printing company which is doing the work complained of.

*Addison, Sinks & Babcock,* for plaintiff.
*Wade H. Ellis,* Attorney-General, contra.

BIGGER, J.

The case is submitted upon the demurrers of the defendants, each for himself demurring to the petition upon the following grounds:

First. That the court has not jurisdiction of the person of any of the defendants.

Second. That the court has no jurisdiction of the subject of the action.

Third. That the plaintiff has no legal capacity to sue.

Fourth. That there is a misjoinder of parties defendant.

Fifth. That separate causes of action against several defendants are improperly joined; and

Sixth. That the petition does not state facts sufficient to constitute a cause of action.

Since the briefs of counsel in this case were submitted to me, something over a week ago, I have used all diligence in the consideration of the questions raised by these demurrers and discussed in the briefs, which are voluminous, one of them being three hundred pages in length.

The petition is a lengthy one and I shall not undertake to state its averments in detail; neither shall I undertake to state the reasons at length which lead me to the conclusions I have reached, as to do so would extend this opinion beyond reasonable length.

In brief, the plaintiff seeks to enjoin the defendants from proceeding to carry out the provisions of an act of the Legislature, passed March 15th, 1881, and which took effect May 1st, 1881 (78 O. L., 55), and being Sections 4446a, 4446b, 4446c, 4446d, 4446e, 4446f, 4446g, 4446h and 4446i of the Revised Statutes.

It is claimed by the plaintiff that the defendant, the Ohio State Board of Agriculture, is a private corporation, and it is averred in the petition that the plaintiff is a private corporation. It is stated that the plaintiff is engaged in manufacturing and selling commercial fertilizer throughout the state of Ohio and adjacent territory, and that its business is such that it is dependent largely upon the good will of the business; that the State Board of Agriculture and its secretary are claiming to act as officers of the state of Ohio, under and by virtue of certain acts of the Legislature, and are seizing the property of the plaintiff and causing analyses to be made of its products from samples arbitrarily taken by them, and that unless restrained by the court, will publish a book or pamphlet containing the results of these analyses; that they claim the book is published by authority of the state and that they threaten to distribute it throughout the territory where plaintiff sells its products; that this publication will contain divers, unjust, injurious, unauthorized, illegal and misleading statements concerning the plaintiff's goods; that the publication will contain a statement as to the total commercial value of the ingredients entering into the fertilizers, based upon the analyses made by the agents of the defendants, the state board and its secretary, and arbitrarily undertakes to fix the value of the plaintiff's product, without any hearing or opportunity for hearing on behalf of the plaintiff, and undertakes to fix and determine the price at which the plaintiff shall sell its products, without any opportunity to be heard; and that in this publication, the defendants, the state board and its secretary, will undertake to criticize and discredit the brands of fertilizer manufactured by plaintiff, and injure the standing and commercial value of the same with plaintiff's customers and the public. It is alleged this publication will be widely circulated. It is further alleged that the board and its secretary threaten to and will prosecute the plaintiff and its agents and customers and dealers in its products, for their refusal to comply with the terms of the act of the Legislature, and will thereby intimidate and coerce the agents of the plaintiff and its customers from dealing in its products. It is further said

that the defendant, the state board, and its secretary, by virtue of this act, are attempting to assess upon and collect from the plaintiff a license fee for each brand of fertilizer manufactured by it, which will amount in the aggregate to about twelve hundred dollars per annum, and that plaintiff is compelled to pay the same to avoid arrest and prosecution, which said license fee is by virtue of the statute in question paid over to the State Board of Agriculture as a fund for its use and benefit.

Plaintiff avers that this act of the Legislature, under which these acts are being done and threatened to be done, is unconstitutional and void, because in conflict with the Constitutions of the United States and of the state of Ohio. The plaintiff says that by reason of these acts, its business has been greatly injured, and its good will will be destroyed, and that it will also, unless these acts be restrained, be involved in a multiplicity of suits with the defendants and other authorities of this state, and also with its many thousands of customers and consumers, and that many of those who will distribute the said circulars are financially unable to respond in damages, and the plaintiff will be irreparably injured, and for which it has no adequate remedy at law, and that damages will be difficult of ascertainment.

This is but a brief summary of the averments of the petition but will suffice to indicate the nature of the plaintiff's case as stated in the petition. For these reasons, the plaintiff asks that the defendants may be enjoined from the acts and things complained of in the petition.

The claim of the plaintiff is that the act of the Legislature, under which these acts are being done and threatened to be done, is unconstitutional and void.

Where a case can be determined without a consideration and decision of the constitutionality of the acts of the Legislature, it will be done; but I find that the gist of the plaintiff's complaint is the unconstitutionality of this act; and that the questions here raised for determination necessarily require consideration and determination of the constitutionality of this law.

It is claimed that the State Board of Agriculture is a private corporation. As a result of my consideration of this proposi-

tion, I am convinced that the plaintiff's contention upon this
point is correct and that the State Board of Agriculture is a
private corporation.

The Supreme Court of this state has expressly decided in
*Dunn v. Agricultural Society*, 46 O. S., 93, that a county agri-
cultural society, organized under the act of February 28, 1846,
and amendments thereto, was not a public agency of the state,
invested with power to assist the state in the conduct of local
administration, and with no power to decline the functions
devolved upon it, but was only a voluntary association of indi-
viduals formed for their own advantage,, convenience and
pleasure.

Some time after the passage of the act by the Legislature
of this state creating the State Board of Agriculture, the Legis-
lature of the state of Indiana passed an act which is practically
a copy of the Ohio act creating the Ohio State Board of Agri-
culture, and it seems manifest that the Legislature of Indiana
merely copied the Ohio law upon the subject.

In the case of *Downey v. The Indiana State Board of Agri-
culture*, 129 Ind., 443, the Supreme Court of Indiana decided
that the Indiana State Board of Agriculture was a private cor-
poration. The reasoning of the Supreme Court of Indiana in
deciding that case seems to me to leave no reasonable doubt
that our State Board of Agriculture, which was created under
precisely a similar law to that of the Indiana State Board of
Agriculture, is a private corporation.

It seems that laws similar to the law of Ohio under which
the Ohio State Board of Agriculture was created, were origi-
nally passed in other states besides Ohio and Indiana, and that
when brought before the courts it was held that these corpora-
tions were not public corporations or agencies of the state, but
private corporations. It seems that Minnesota also had such
a law, and in the case of *Lane v. The Minnesota State Agricul-
tural Society*, 62 Minn., 175, it was decided by the Supreme
Court of that state that the State Agricultural Society was not
a public corporation organized for the purpose solely of dis-
charging a governmenal function. The court pointed out that

the state had no voice in the selection or control of its officers or in fixing their compensation, etc. After this decision, the Legislature of that state proceeded to create a department of agriculture.

The case of *Thompson* v. *Lambert*, 44 Iowa, 239, is also authority upon the point that this State Board of Agriculture is not a public agency of the state. Other authorities are cited to the same effect in the brief of plaintiff's counsel, but these seem to me to be conclusive upon this proposition, and I am therefore forced to the conclusion that the Ohio State Board of Agriculture is not a public corporation, or agency, or department of the state government, but is essentially a private corporation.

The secretary of this corporation is merely an officer of the corporation. He is neither elected by the people nor appointed by any officer of the state clothed with authority to make appointments to office, and as pointed out by plaintiff's counsel it is not even necessary under the law for the state board to have a secretary, as the board is authorized to elect such officers as it may deem necessary. It is therefore left optional with this corporation whether it shall or shall not have a secretary.

The Constitution of the state provides that the General Assembly, in cases not provided for in the Constitution, shall fix the term of office and compensation of all officers. The Legislature does not fix the term of office or the compensation of the secretary of the State Board of Agriculture. I can not escape the conclusion, therefore, that the secretary of the State Board of Agriculture is not a public officer, but the agent of a private corporation.

Now this act in question undertakes to delegate to the secretary of the State Board of Agriculture the exercise of the police powers of the state. He is empowered at his discretion to seize the property of the plaintiff for the purpose of making analyses, and he is authorized to assess upon and collect a license fee of the plaintiff upon each brand of fertilizer manufactured by it, and as further exercise of police power he is authorized to publish annually a report of the analyses made of samples

of fertilizer, and he is further authorized to prosecute for any failure on the part of the manufacturers of commercial fertilizers to obey the law. If these acts can be justified, it must be upon the ground that it is the legitimate exercise of the police powers inherent in the state. But in my opinion the Legislature is without authority to delegate the exercise of the police powers to a private corporation or private citizen. As was said by Judge Campbell, of Michigan, in the case of *Ex rel Shumway* v. *Bennett,* 29 Mich., 451: "But it is not in the power of the Legislature to delegate its functions or to subject citizens and their interests to the interference of any but lawful public agencies. * * * It is impossible to sustain delegation of any sovereign power of government to private citizens or to justify their assumption of it."

And yet that is what has been done or attempted to be done in this case by conferring these powers upon the secretary of the State Board of Agriculture. There is no such officer under the Constitution and laws of the state of Ohio as the secretary of the State Board of Agriculture, because neither the Constitution nor the statutes of the state creates such an office. The secretary of the State Board of Agriculture therefore, not being a public officer of the state, can not be empowered by the Legislature to exercise at his discretion, as he is authorized to do by this act, these sovereign functions of government.

But it is objected that a court of equity will not entertain jurisdiction to restrain the publication of a libel. But it seems plain to me that the plaintiff is not seeking merely to restrain the publication of a libel. The plaintiff seeks to restrain the defendant, the State Board of Agriculture, and the secretary of said board, from proceeding to carry out any and all of the acts and things which the act in question undertakes to authorize them to do; in other words, to restrain them from enforcing the act in question in any of its provisions, and that upon the ground that such acts will result in irreparable damage to the plaintiff's business, and result in a multiplicity of suits at law by plaintiff to recover its damages, etc. While, it may be conceded that the general doctrine is that a publication, libelous

in its nature, will not be enjoined merely because it is libelous, yet there are many exceptions to this rule, especially where the inevitable effect of it is to injure one in the use of his property and to affect his business standing and credit (see Spelling on Injunctions and Other Extraordinary Remedies, Section 886). But this is but one of the several things which it is alleged the defendants are threatening to do under cover of this act, to the irreparable injury of the plaintiff, such as the seizure of its property, the imposition and collection of license fees, etc.

In my opinion a court of equity is not without jurisdiction to entertain such an action merely because one of the grounds of the complaint is that the defendants are about to publish a pamphlet or book which will injure the business and credit of the plaintiff.

I understand it to be a well established principle of law that injunction is a proper remedy to prevent the enforcement of an unconstitutional law which will interfere with a person's property rights and result in a multiplicity of suits, even if a legally elected or appointed officer is proceeding to enforce the law. But it is argued that there is here a misjoinder; that separate causes of action are improperly joined against several defendants.

Before proceeding to discuss this ground of the demurrer, I will notice the demurrer of the state auditor and state printer, upon the ground that the petition states no cause of action against them.

In my opinion this objection to the petition is well taken in so far as they are concerned. And briefly, as to the state auditor, I find no warrant of law for holding that a private individual or private corporation is authorized to maintain an action against an officer of the state, to prevent the misapplication of the funds of the state, and no authority has been cited to that effect. I therefore conclude that no cause of action is stated against the state auditor and his general demurrer is sustained.

As to the state printer, there is no averment in the petition that he has done or is threatening to do any of the acts com-

plained of, or that he has taken any part in their commission, or that he threatens to do so. The law fixing his duties and powers does not seem to clothe him with any power or authority to make a contract for this printing, which it is alleged has been let by contract to the defendant, the Springfield Publishing Company. The letting of contracts for the public printing is made the duty of the Commissioners of Public Printing, consisting of the Secretary of State, Auditor of State and Attorney-General. It seems the state printer is not empowered to make such a contract as this for printing and it is not averred that he has done so, or is threatening to do any of the things complained of in the petition. Section 312 of the Revised Statutes provides that the printing for the executive departments shall be ordered through him, but it does not appear that he has any authority to make a contract for such printing as this, and it is not averred that he is about to do it in the discharge of the duties of his office as state printer. I conclude, therefore, that there is no case stated against him.

The next question which presents itself is, does the petition state more than one cause of action against the state board and the secretary of the state board? The substance of the complaint contained in the petition is that these defendants are proceeding to do the several acts complained of in pursuance of the general duty which is attempted to be devolved upon them under this act of the Legislature. These several acts done, or threatened to be done, are all but part of a single plan to carry out the provisions of this single act of the Legislature, and in my opinion they constitute but a single cause of action.

The case of *Lever* v. *Perkins,* decided by the Supreme Court of Michigan, and reported in 92 Mich., page 304, seems to me to be in point. The second branch of the syllabus is:

"A series of wrongful acts, all aimed at a single result and contributing to the injury complained of, to-wit, the destruction of one's business, credit and reputation, may be counted upon collectively as producing that result in an action on the case."

In that case several separate and independent acts, consti-

tuting a part of a general plan to injure the plaintiff's business, were held to constitute but a single cause of action.

I am not able to see any distinction in principle between that and the case at bar, where these several acts are but separate acts embraced within the general duty devolved upon the secretary of the board, and which it is alleged he is doing and threatening to do, in conjunction with the members of the board. I am therefore of the opinion that these acts together constitute but a single cause of action, and but a single relief is sought, to-wit, an injunction to prevent the carrying out of the provisions of the act by the defendants. That being true, I think the printing company, which it is alleged will, unless restrained, co-operate with the board and its secretary in the printing of the report, is properly joined with the board and the secretary thereof in this action.

There are other questions raised and discussed by counsel, but these are all that I deem it necessary to discuss in passing upon these demurrers.

I conclude, therefore, that the demurrer of the State Auditor and the Supervisor of Public Printing should be sustained, but that the demurrers of the defendants, the members of the State Board of Agriculture and the Springfield Publishing Company, should be overruled.